IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VILCE JOSE RAUDEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROY REISER, ELSHA REISER, and SUBWAY, INC.,<br><br>　　　　　Defendants. | **ORDER OF DISMISSAL**<br><br>Case No. 2:19-cv-00621-CW<br><br>District Judge Clark Waddoups |

　　　　Plaintiff Vilce Jose Raudez filed his Complaint on September 4, 2019, against the following three defendants: Elsha Reiser ("Ms. Reiser"), Roy Reiser ("Mr. Reiser"), and Subway, Inc. ("Subway"). Plaintiff's claims against Defendants Mr. Reiser and Subway were dismissed for failure to timely serve. ECF No. 29.

　　　　On September 30, 2021, Plaintiff was ordered to show cause why his claims should not be dismissed against Ms. Reiser for failure to prosecute. *Id*. Ms. Reiser filed an Answer in this case on June 15, 2020. ECF No. 14. Since that time, Plaintiff has not filed an attorney planning meeting report, sought a scheduling order, or taken any other action in this case to prosecute the claims against Ms. Reiser. In addition to the instant Order to Show Cause, the court has issued three prior Orders to Show Cause and granted numerous extensions to respond. ECF Nos. 21, 24, 27. For example, on March 2, 2021, in a detailed Order, the court granted Plaintiff an additional 30 days until April 1, 2021, to allow Plaintiff to obtain legal counsel and show cause why this case should not be dismissed. ECF No. 27. Plaintiff did not obtain legal counsel but did timely lodge a response albeit not entirely responsive in substance and largely repetitive of past motions. ECF No. 28.

Thereafter, on September 30, 2021, the court dismissed Defendants Mr. Reiser and Subway for Plaintiff's failure to effect service and, again, ordered Plaintiff to show cause why his Complaint should not be dismissed against Ms. Reiser for failure to prosecute. ECF No. 29. Plaintiff filed a timely response; however, Plaintiff's response entitled "Motion to Re-Open Discovery Extension," ECF No. 30, fails to address the court's concerns and largely recites the content of past motions to which the court has already responded and thoroughly addressed, ECF Nos. 21, 27, 29.

Federal Rule of Civil Procedure 16(f)(1)(C) permits the court to move *sua sponte* to "issue any just orders," which includes dismissing the action as a whole, if a party "fails to obey a . . . pretrial order." Plaintiff has failed to take meaningful action to prosecute this case, obtain counsel, or otherwise show cause as to why the court should refrain from dismissing this action. And, in doing so, the court has expended considerable time and judicial resources in deference to Plaintiff's *pro se* status. ECF Nos. 21, 24, 27, 29. The court has warned Plaintiff several times that failure to proceed in a timely fashion could result in dismissal. *Id*.

Therefore, pursuant to Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure, the court **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE** for a failure to comply with court orders and failure to prosecute. The Clerk of Court is directed to close the case.

DATED this 19th day of October, 2021.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge